# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HARRY G. GABELBAUER, III,<br><br>                        Petitioner,<br><br>v.<br><br>JASON WELLS,<br><br>                        Respondent. | Case No. 22-CV-905-JPS<br><br><br>**ORDER** |

On August 8, 2022, Petitioner Harry G. Gabelbauer, III ("Gabelbauer" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, along with a motion to proceed without prepayment of the filing fee, ECF No. 2. On April 12, 2023, Gabelbauer filed a motion to appoint counsel. ECF No. 8. The Court now addresses his motion to proceed without prepayment of the filing fee, screens his petition under Rule 4 of the Rules Governing Section 2254 Proceedings, and addresses the pending motion for the appointment of counsel.

**1.**     **LEAVE TO PROCEED WITHOUT PREPAYMENT**

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file a petition for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Petitioner submitted a trust fund account statement along with his motion. ECF No. 5.

Upon review of Petitioner's prison trust account statement, the Court finds that he is unable to pay the $5.00 filing fee based on his lack of funds. The Court will accordingly grant the motion to proceed without prepayment of the filing fee.

**2.  FACTUAL BACKGROUND**

Gabelbauer's petition is unclear as to what criminal conviction is the subject of the present petition. Gabelbauer lists Waukesha County Case No. 2005CF1271 as the subject of this petition. ECF No. 1. at 2. However, Gabelbauer then lists the case number for his direct appeal as 05-CF-217 and provides that he filed a motion for a new trial on March 9, 2022. *Id.* at 3. Public records show that Gabelbauer has separate criminal cases under both of these case numbers—one in Waukesha County Case No. 2005CF001271 and the other in Washington County Case No. 2005CF00217. *See generally* Wisconsin Circuit Court Access Case Search Results, *available at* https://wcca.wicourts.gov/caseSearchResults.html (last visited Apr. 14, 2023). Based on the information available to the Court, it is therefore unclear which judgment of conviction Gabelbauer seeks to challenge in this case.

**3.  ANALYSIS**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations,

exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

Here, as discussed above, the petition does not clearly explain what judgment of conviction he challenges. Without this information, the Court cannot find that Gabelbauer has stated any viable claims for relief, as Section 2254(a) only permits a prisoner to challenge "the judgment of a State court[.]" Further, the petition is also unclear about whether any such judgment was appealed through the Wisconsin Court of Appeals and Supreme Court. If Gabelbauer failed to exhaust these avenues for appeal, the Court could likewise not hear his case. *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). As his petition is presently drafted, Gabelbauer has alleged no grounds for relief that the Court can review. Accordingly, the Court will give him until **May 9, 2023** to amend his petition to clearly identify the judgment of conviction that is the subject of this petition.

4.   APPOINTMENT OF COUNSEL

Finally, Gabelbauer requests that the court appoint counsel in this case. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before the court appoints counsel, however, it must determine whether the appointment would serve "the interests of justice" and whether the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). The Court is not convinced that appointment of counsel would serve the interests of justice in this case. In determining whether the interests of justice will be served by appointing counsel, the Court considers the difficulty of the case and Petitioner's ability. It is significant that in most

habeas cases the issues raised in federal court have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, a petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise in federal court.

The Court concludes that the appointment of counsel at this time is unwarranted and will accordingly deny the motion to appoint counsel, ECF No. 8, without prejudice. If Gabelbauer presents an amended petition clearly identifying the judgment of conviction he seeks to challenge, the Court will consider a renewed request for counsel at that time.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for the appointment of counsel, ECF No. 8, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that on or before **May 9, 2023**, Petitioner shall file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, using the form provided to him with this Order. Failure to do so will result in dismissal of his action for failure to prosecute. *See* Civ. L.R. 41(c).

Dated at Milwaukee, Wisconsin, this 18th day of April, 2023.

BY THE COURT

_____
J.P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:22-cv-00905-JPS   Filed 04/18/23   Page 4 of 4   Document 9